```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

CHARLES JUNIOR BARBER,

    Plaintiff,

v.                              Case No: 2:18-cv-217-FtM-29MRM

THE DEPARTMENT OF CHILDREN
AND FAMILIES, in re of
involuntary civil commitment
and KRISTEN KANNER,

    Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court on initial review of the file. Plaintiff, who is civilly committed to the Florida Civil Commitment Center, initiated this action by filing a *pro se* civil rights complaint form (Doc. #1) on April 3, 2018. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2).

Despite Plaintiff's non-prisoner status, the Complaint remains subject to initial review under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1] Pursuant to 28 U.S.C. § 1915, the Court

---

[1] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not error by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl,

is required to review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

Plaintiff claims that his "liberty interest, rights" and "constitutional rights" "have been violated." Doc. 1 at 4. According to the Complaint, Plaintiff was arrested on November 2, 2012 in Arkansas for "sexual assault" and "failure to register as a sex offender." Id. at 5. Plaintiff claims he was not prosecuted in Arkansas but "was remanded to Florida as a VOP" and "admitted to the Florida Civil Commitment Center . . . as a detainee" and eventually "committed through the 18th Circuit Court as a sexually violent predator." Id. Plaintiff avers that he has been "incarcerated" at the FCCC for 34 months but has not consented to treatment. Id. As relief, Plaintiff seeks $110.00 a day in a damages and for the "Court to immediately discharge [him] from the custody of D.C.F." Id. at 7.

The Court will dismiss the instant action because it appears Plaintiff should file a habeas corpus petition, rather than a civil

---

254 F.3d 845 (9th Cir. 2001).

rights action.  In particular, Plaintiff is challenging the fact or duration of his confinement at the FCCC, and seeks release from custody.  "[H]abeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  Bradley v. Pryor, 305 F.3d 1287, (11th Cir. 2002) (quoting Preiser v. Rodriquez, 411 U.S. 475 (1973)); See also Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003) (discussing differences between § 1983 and § 2241, § 2254).  To the extent that Plaintiff contends that he is being illegally held at the FCCC, he may file an appropriate action on the approved habeas corpus form for persons filing an action pursuant to 28 U.S.C. § 2241 or § 2254.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Complaint (Doc. #1) is **dismissed**.

2.  The Clerk of Court shall provide Plaintiff with the appropriate forms for filing a habeas corpus action, terminate any pending motions, enter judgment accordingly, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record